UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOHN BALLARD, TRUSTEE, and MID CENTRAL OPERATING ENGINEERS HEALTH AND WELFARE FUND,<br><br>    Plaintiff,<br><br>    v.<br><br>GRAYSTONE EARTHWORKS INC.,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) CAUSE NO: 1:21-cv-1568<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

Come now the Plaintiffs, John Ballard, Trustee ("Ballard"), and the Mid Central Operating Engineers Health & Welfare Fund ("Mid Central" or the "Fund") (together, "Plaintiffs"), by their undersigned attorney, and for a cause of action against the Defendant, Graystone Earthworks, Inc. ("Defendant" or "Graystone") allege and show to the Court as follows:

    1.    Jurisdiction of this Court is founded upon Section 502 of the Employee Retirement Income Security Act of 1974, (29 U.S.C. §1132); and Section 209(a) and (b) of the Employee Retirement Income Security Act of 1974 (29 U.S.C. §1059(a) and (b)); in that the Plaintiffs are aggrieved by the Defendant's violation of collective bargaining agreements and trust agreements requiring the defendant to make health and welfare, pension, and training contributions on behalf of its employees to the Fund, thereby violating the provisions of employee benefit plans.

    2.    Mid Central is an employee benefit plan, within the meaning of Sections

3(1)(2)(3)(21) and 502 of the Employee Retirement Income Security Act of 1974 (29 U.S.C. §1002(1)(2)(3)(21) and 1132).  The Fund maintains its office and principal place of business in Terre Haute, Indiana.  It acts as a collection agent for the Central Pension Fund of Operating Engineers and Participating Employers, the IUOE Local 103 Apprenticeship and Training Fund, and the Construction Advancement Program Council of Indiana Fund, also employee benefit plans.

3.	Ballard is a fiduciary within the meaning of Section 3(21) of the Employee Retirement Income Security Act of 1974 (29 U.S.C. §1002) and brings this action on behalf of the participants and Trustees of the Fund.

4.	Graystone is an employer existing under and by virtue of the laws of the State of Indiana, with its office and principal place of business at 21365 Oakview Drive, Noblesville, IN 46062.

5.	Graystone is an employer and is a party in interest in an industry affecting commerce within the meaning of Sections 3(5)(11)(12) and (14) and 209 of the Employee Retirement Income Security Act of 1974 (29 U.S.C. §1002(5)(11)(12) and (14) and §1059).

6.	Graystone is a party to and has agreed to abide by the terms of a collective bargaining agreement between itself and IUOE Local Union No. 103.

7.	The collective bargaining agreement contains provisions whereby Defendant agreed to make contributions on behalf of its employees to the Fund.

8.	Defendant has failed to make timely contributions to Fund for and on behalf of its employees and has failed to perform its obligations under the terms and conditions of the aforementioned collective bargaining agreement and Trust Agreement of the Fund, and

is additionally in violation of Section 515 of the Employee Retirement Income Security Act of 1974, as amended.

9. Despite demands that Defendant perform its contractual obligations, Defendant has failed, neglected, omitted and refused to make those payments.

10. Against the Defendant's refusal to comply with the terms and conditions of its collective bargaining agreement with the Union, the Plaintiffs have no adequate remedy at law, and unless the Defendant is mandatorily compelled to comply with said documents, the Plaintiffs will suffer irreparable harm.

11. Plaintiffs are entitled by the terms of Section 502(g)(2) of the Employee Retirement Income Security Act of 1974, as amended by the Multi-Employer Pension Plan Amendments Act of 1980, to payment of the delinquent contributions, liquidated damages, and interest, as provided in Section 502(g)(2) (29 U.S.C. §1132(g)(2)) of the Employee Retirement Income Security Act of 1974.

12. Plaintiffs are entitled by the terms of Section 502(g)(2) of the Employee Retirement Income Security Act of 1974, as amended by the Multi-Employer Pension Plan Amendments Act of 1980, to their attorney fees incurred in bringing this action against the Defendant.

WHEREFORE, Plaintiffs demand the following relief:

1. A preliminary injunction enjoining Defendant from failing, neglecting, and refusing to make its required contributions to the Fund as they fall due.

2. A permanent injunction enjoining Defendant from failing, neglecting, and refusing to make its required contributions to the Fund as they fall due.

3. A judgment on behalf of Plaintiffs in the amount of Defendant's delinquencies to said Fund, plus liquidated damage and interest assessments, plus reasonable attorneys' fees and costs of this action, all as provided in 29 U.S.C. §1132(g)(2).

4. That the Court retain jurisdiction of this cause pending compliance with its Orders.

5. For such other, further, or different relief as the Court may deem just proper.

Respectfully submitted,

*/s/ David T. Vlink*
David T. Vlink

VLINK LAW FIRM, LLC
429 N. Pennsylvania Street, Suite 411
Indianapolis, IN 46204
Telephone:  (317) 353-9363
E-mail: dvlink@fdgtlaborlaw.com